STATE OF NEBRASKA, APPELLEE, V. DENNIS L.
BJORNSEN, APPELLANT.

271 N. W. 2d 839

Filed November 22, 1978. No. 41849.

Walker, Luckey, Sipple & Hansen, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

Defendant appeals from a conviction of operating a motor vehicle while having ten-hundredths of one percent of alcohol by weight in his body fluid.

There is no evidence of the defendant's intoxication sufficient to sustain a conviction other than the results of a blood test. The testimony of the sheriff who arrested defendant following the accident merely disclosed the defendant had the odor of alcohol on his breath and that a partially-filled wine bottle was found at the scene.

The chemist who tested the blood sample of the defendant testified the test conformed to the standard

set forth in section 39-669.11, R. R. S. 1943. He testified on direct examination that the results of the test disclosed the presence of ten-hundredths of one percent of alcohol by weight in the sample. On cross-examination the chemist was asked: "Q- What is correct? Is it you are telling me it (the test) is 100% accurate. Is that correct?

"A- I'm telling you it's accurate within five thousandths of a percent. * * *

"Q- Well, I don't want it qualified. I want you to tell me if it — if it's off that much, no one can do it more accurately than that, in your opinion. Should that wouldn't then, put it below a .10? Would it or not?

"A- Yes. It would."

The contention of defendant is that the State has not met its burden of proof of the crime, namely, it has not offered evidence showing that defendant had the requisite percent of alcohol by weight in his blood. The State answers this contention by arguing that section 39-669.11, R. R. S. 1943, provides: "Any test * * * if made in conformity * * * shall be competent evidence in any prosecution * * *" and that any variances inherent in the testing process are irrelevant, providing the chemist testifies to the minimum content of alcohol by weight in the body fluid.

We do not agree. While there is a scarcity of authority on the subject, we think the correct rule is that announced in State v. Graham (Mo. App.), 322 S. W. 2d 188. In that case the Missouri Supreme Court, while judicially recognizing the validity of radar as a speed-measuring device and acknowledging that a reading of a radar device was admissible in evidence, discussed the tolerance or outer limits of the accuracy of the device, and stated: "The evidence given by the machine should not be accepted if the question involved falls within this tolerance." The evidence as to the tolerance was one mile per hour.

While the Legislature has the acknowledged right

to prescribe acceptable methods of testing for alcohol content in body fluids and perhaps even the right to prescribe that such evidence is admissible in a court of law, it is a judicial determination as to whether this evidence is sufficient to sustain a conviction, if the evidence is believed. The Legislature has selected a particular percent of alcohol to be a criminal offense if present in a person operating a motor vehicle. It is not unreasonable to require that the test, designed to show that percent, do so outside of any error or tolerance inherent in the testing process.

The judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.

SPENCER, C. J., PRO TEM., dissenting.

I respectfully dissent from the majority opinion herein because the opinion in effect amends section 39-669.07, R. R. S. 1943, which section makes it unlawful to operate a motor vehicle while having ten-hundredths of one percent by weight of alcohol in the body fluid, as shown by chemical analysis of the blood, breath, or urine.

The chemist who tested the blood sample testified that the test conformed to the standards set forth in section 39-669.11, R. R. S. 1943, and disclosed the presence of ten-hundredths of one percent of alcohol by weight in the sample, as shown by chemical analysis. Under cross-examination the chemist testified that such tests were accurate within five-thousandths of a percent. On this evidence, the court holds that the test must disclose ten-hundredths of one percent plus five-thousandths of one percent to be sufficient to comply with the statute. This is a misinterpretation of the statute.

I am certain the Legislature in accepting the ten-hundredths of one percent figure was aware that there could be a miniscule variation on one side or the other in the test, and intended the ten-hundredths of one percent to be accepted without regard to a

miniscule variation which could not be determined in a test. The language is "as shown by chemical analysis."

The only case in the country I have been able to find directly in point is State v. Rucker, 297 A. 2d 400 (Del. Super. 1972). The defendant in that case was involved in an automobile accident and was taken to a police station where a breath test was administered. The state chemist testified he examined the breath test and found a reading of 0.104 indicated blood alcohol in defendant's blood. On cross-examination he testified that the reading from the breath alcohol test could have a variance of as much as 0.009 from a reading based on a test of the blood, thus the percentage of blood alcohol could have ranged from 0.095 to 0.113 if defendant's blood rather than his breath had been tested. The Delaware statute prohibited the driving of a motor vehicle while under the influence of intoxicating liquor, and further provided: "Any person who drives, operates or has in actual physical control a motor vehicle while such person's blood has reached a blood alcohol concentration of 1/10 of 1% or more, by weight, as shown by a chemical analysis of a blood, breath, or urine sample taken within 4 hours of the alleged offense, shall be guilty under this section."

The trial court dismissed the case because of the possible variance inherent in the test. The appellate court determined that the trial court had erred in dismissing the case. It stated: "In dismissing this case, the Court of Common Pleas noted that the possible discrepancy in the reading could have lowered it below the 'presumption'. The statute does not set up a presumption. It simply makes a blood alcohol concentration of 0.100%, or more, as shown by specified types of tests, an element of the offense. If one has that concentration while driving, as determined by the test specified in the statute and if that test was administered within 4 hours after the alleged of-

fense, 21 Del. C. § 4176 directs that such person 'shall be guilty'. * * *

"Under the terms of the statute the trier of fact must determine whether the test results show the required percentage of alcohol in the blood. The trier of fact is not free to disregard the mandate of the statute or to question the wisdom of the General Assembly in providing that test results constitute proof of that element of the crime.

"The possible variance in results between various types of tests and the possible variances in readings between tests taken while the accused was driving and those taken afterwards may be an inherent weakness of the statutory provisions. The General Assembly could have considered these possible variances when it enacted the legislation but the legislation is so worded as to preclude these factors from being considered as issues of fact.

"If there had been evidence that the test was improperly administered, such evidence could cast such doubt on the result as could be considered by the trier of fact in determining whether the statutory requirements had been met. But, as indicated, evidence that the types of tests already approved by the General Assembly when properly conducted are still subject to possible variations in results, is not a matter which is here left to the trier of facts."

The language of the Nebraska statute is similar to that of Delaware. Section 39-669.07, R. R. S. 1943, provides that it shall be unlawful for any person to operate a motor vehicle while under the influence of alcoholic liquor, while under the influence of any drug, "or when that person has ten-hundredths of one per cent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath, or urine." Any one of these three conditions will support a conviction. See State v. Weidner, 192 Neb. 161, 219 N. W. 2d 742 (1974).

In my judgment, the majority opinion is in error.

The blood alcohol test in this case was sufficient to sustain the State's burden of proof. The conviction should be affirmed.