STATE OF HAWAII, Plaintiff-Appellee, *v.* RONALD BOEHMER, Defendant-Appellant

NO. 7049

and

STATE OF HAWAII, Plaintiff-Appellee, *v.* SAU GOGO, Defendant-Appellant

NO. 7359

JUNE 27, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the judgments entered in separate trials by the district court finding Defendants Ronald Boehmer and Sau Gogo guilty of driving under the

influence of intoxicating liquor in violation of HRS § 29-4.[1] Since both cases involve the same question of law, they have been consolidated for argument on appeal.

In each case, the defendant was arrested for driving under the influence of intoxicating liquor and, after arrest, given a breathalyzer test.

As to Defendant Boehmer, the test reading showed 0.11% by weight of alcohol in his blood, and as to Defendant Gogo, 0.10% by weight of alcohol in his blood.

In the case of Boehmer, at the time of trial, Gilbert Chang, a criminalist with the Honolulu Police Department and a witness for the State, testified that the machine Boehmer was tested on had a margin of error of 0.0165%.

In the case of Gogo, both the prosecution and defense counsel stipulated at trial that there was a margin of error of 0.0165% in the breathalyzer test.

In Boehmer's case, the findings of the trial court were as follows:

. . . The court finds on the evidence that there was probable cause, first of all for the stop because of the traffic violation, and the court finds that Officer Kama's testimony is credible with respect to the condition of the defendant, and the statutory presumption, prescribed as a result of the breathalyzer test has not bee [sic] rebutted, and the court will find the defendant in violation. . . .

In Gogo's case, the trial court stated as follows:

. . . The court is more inclined to favor the testimony presented by the police officer in this case; and it does appear to the court that Mr. Gogo has been drinking. I don't suppose he was drunk, but he was sufficiently impaired in his driving to fall within the ambit of the law which proscribes driving while intoxicated. And as far as

---

[1] § 291-4. Driving under the influence of intoxicating liquor. Whoever operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor shall be fined not more than $1,000 or imprisoned not more than one year, or both.

the presumption is concerned, that will be in this case, carry the prosecution's case for the day. . . .

HRS § 291-5 provides as follows:

In any criminal prosecution for a violation of section 291-4, the amount of alcohol in the defendant's blood within three hours after the time of the alleged violation as shown by chemical analysis or other approved analytical techniques of the defendant's blood or breath shall be competent evidence that the defendant was under the influence of intoxicating liquor at the time of the alleged violation and shall give rise to the following presumptions:

.   .   .

(3) If there was ten-hundredths per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.

It is apparent that in each case the trial judge relied upon the breathalyzer test result not only as evidence of, but also as creating a presumption of, the defendant's state of intoxication.

The margin of error of the breathalyzer test means that on any given breathalyzer test a defendant's actual blood alcohol content could be 0.0165% more or less than the reading shown by the breathalyzer test.

Therefore, in the case of Defendant Boehmer, he could have had a blood alcohol content anywhere from 0.0935% to 0.1265%, and in the case of Defendant Gogo, anywhere from 0.0835% to 0.1165%.

The defendants claim that because of the inherent margin of error, the presumption provided in HRS § 291-5 should not have been applied.

The State, on the other hand, argues that so long as the instruments used to test for alcohol are in good and accurate condition and so long as they constitute an "approved analytical technique," the statute clearly provides that a reading indicating a certain percentage of blood alcohol is sufficient to establish a presumption, and that a court need not bother

itself with an inquiry as to margin of error in a futile effort to arrive at a "true" percentage.

We disagree.

Our supreme court has repeatedly emphasized that a criminal statute should be strictly construed. *State v. Smith*, 59 Haw. 456, 461, 583 P.2d 337 (1978); *State v. Rackle*, 55 Haw. 531, 534, 523 P.2d 299 (1974).

In a criminal matter, the prosecution bears the burden of establishing each and every element of an offense charged proven beyond a reasonable doubt. *State v. Cuevas*, 53 Haw. 110, 488 P.2d 322 (1971). In both of the cases at bar, the State has failed to establish a critical fact. The State merely demonstrated that the reading of the breathalyzer machine was 0.11% for Defendant Boehmer and 0.10% for Defendant Gogo. The inherent margin of error could put both defendants' actual blood alcohol level below the level necessary for the presumption to arise. The failure of the prosecution to establish beyond a reasonable doubt that the actual weight of alcohol in defendants' blood was at least 0.10% required the trial judge to ignore the statutory presumption in its determination.

In *State v. Bjornsen*, 201 Neb. 709, 271 N.W.2d 839 (1978), the Nebraska Supreme Court was faced with a case similar to the cases at bar.

In that case, the defendant was convicted of operating a motor vehicle while having 0.10% of alcohol by weight in her body fluid. The Nebraska statute provided as follows:

It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or when that person has ten-hundredths of one percent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath, or urine. Neb. Rev. Stat. § 39-669.07.

The defendant's blood sample was tested and the test disclosed the presence of 0.10% alcohol by weight in the sample. The chemist who administered to blood sample test testified at the time of trial that there was a margin of error in the test that could have resulted in the defendant having the

blood alcohol content below the statutory level. The court reversed defendant's conviction and held that where there is an absence of other sufficient evidence to support a conviction for driving under the influence of intoxicating liquor and such conviction is, therefore, based solely on a chemical test, *the results of such a test when taken together with its tolerance for error, must equal or exceed the statutory level.* In discussing the statute the court further stated:

> While the Legislature has the acknowledged right to prescribe acceptable methods of testing for alcohol content in body fluids and perhaps even the right to prescribe that such evidence is admissible in a court of law, it is a judicial determination as to whether this evidence is sufficient to sustain a conviction, if the evidence is believed. The Legislature has selected a particular percent of alcohol to be a criminal offense if present in a person operating a motor vehicle. It is not unreasonable to require that the test, designed to show that percent, do so outside of any error or tolerance inherent in the testing process. 271 N.W.2d at 840.

We concur with the rationale and holding in the *Bjornsen* case. Accordingly, we reverse and remand both cases for further proceedings consistent with this opinion.

*Bert T. Kobayashi, Jr., (Kobayashi, Watanabe, Sugita & Kawashima* of counsel) for defendant-appellant *Ronald Boehmer.*

*Michael K. Tateishi,* Deputy Public Defender, for defendant-appellant *Sau Gogo.*

*Arthur E. Ross,* Deputy Prosecuting Attorney, for plaintiff-appellee.