THE STATE OF OHIO *v.* PRESTIER.

(No. 21-82-TRC-4178—Decided September 9, 1982.)

New Philadelphia Municipal Court.

*Mr. David W. Worth,* for plaintiff.

*Messrs. Stephenson, Stephenson & Carrothers* and *Mr. James Carrothers,* for defendant.

O'FARRELL, J. On June 5, 1982, the defendant, Frank A. Prestier, was charged with a violation of R.C. 4511.19, operating a motor vehicle while under the influence of alcohol. Upon an entry of a "not guilty" plea and a request for a jury trial, the matter was tried to a jury of eight in the New Philadelphia Municipal Court on August 28, 1982. During the state's case in chief, various objections were made by the defendant to the testimony relative to the exhibits offered by the state. More specifically, objections were made by the defendant to the failure of the state to have in court those individuals who calibrated the intoxilyzer machine utilized to measure the concentration by weight of alcohol in the defendant's blood on the date in question. The court overruled said objections to the non-appearance of those who calibrated the machine both prior to the defendant's test and subsequent thereto, citing *State* v. *Walker* (1978), 53 Ohio St. 2d 192 [7 O.O.3d 368], for the proposition that in a criminal prosecution for a violation of R.C. 4511.19, or a municipal ordinance relating to driving a motor vehicle while under the influence of alcohol, certified copies of pages from a permanent logbook maintained by a police department and in accordance with regulations promulgated by the Director of Health pursuant to R.C. 3701.143 are admissible in evidence as an exception to the hearsay rule. The court specifically ruled and affirmed its prior rulings that the Ohio Rules of Evidence, and specifically Evid. R. 803(8), and the apparent exclusion contained therein, do not supersede *State* v. *Walker, supra,* and the calibration both prior and subsequent to the test of the defendant in this case having been properly testified to as permanent logbook pages are exceptions to the hearsay rule and are admissible without the declarant being in court and testifying to the same.

The defendant timely objected to the court instructing the jury relative to the statutory presumption based on the intoxilyzer results of .10 percent concentration of alcohol in the blood by weight and cited as the basis for his objection that in this case the reading of .102 percent was suspect given the information contained in the intoxilyzer manual identified and admitted as defendant's Exhibit 1, which is a publication of the Department of Health of the state of Ohio and more specifically the statement relative to the accuracy of the intoxilyzer machine appearing at page 7 under the subtitle "Specifications," which reads as follows:

"Accuracy: better than plus or minus 0.01%, measured against blood samples from the same subject."

Defendant argues that this "margin of error" set forth in the intoxilyzer manual by the Department of Health makes it apparent that the subject who has tested .10 to .109 percent, given the margin of error set forth in the intoxilyzer manual, could actually have a blood concentration level of less than .10 percent alcohol in the blood by weight and, consequently, an instruction to the jury regarding the statutory presumption would be in error in that particular case.

The court heard the arguments of counsel at trial relative to this issue outside the presence of the jury and took under advisement its decision until the close of all of the evidence and the removal of the jury from the courtroom for the purpose of the court's reviewing its instructions with counsel. At that point in the trial, the court sustained the objection of the defendant as it addressed the court's instructing the jury on the statutory presumption in this case and offered a special instruction which was, in fact, given to the jury and reads as follows:

"Special Instruction

"Ladies and Gentlemen, the Court has ruled, based upon legal arguments made outside your presence, that the intoxilyzer test results of .10% in this case, normally, the concentration level of alcohol in the blood by weight which by statute gives rise to the presumption that the Defendant was under the influence of alcohol, shall *not* give rise to the presumption in this case because the margin of error of the intoxilyzer instrument utilized to measure the concentration by weight of alcohol in Mr. Prestier's blood is such that it, the margin of error, could put Mr. Prestier's actual blood alcohol concentration below the level necessary for the statutory presumption to be applicable in this case.

"Thus, the intoxilyzer result in this case, normally sufficient to give rise to the statutory presumption, shall *not* give rise to any presumption that the Defendant was or was not under the influence of alcohol but such facts may be considered with other competent evidence in determining the guilt or lack of guilt of the Defendant." (Emphasis added.)

The defendant's counsel supplied authority to the court for the proposition that the margin of error in a breath testing instrument must be taken into account and could be the basis for the statutory presumption not being applied in a certain case. In *State* v. *Boehmer* (Haw. App. 1980), 613 P. 2d 916, the Hawaii Intermediate Court of Appeals recognized a .0165 percent error factor in the breathalyzer test. Both the *Boehmer* case and the related case of *State* v. *Gogo*, which was heard with the *Boehmer* case, involved stipulations by the defense counsel and the prosecutor that such an error factor existed, and that the error factor was exactly .0165 percent. The *Boehmer* case involved a blood alcohol reading of .11 percent, while the *Gogo* case involved a reading of .10 percent.

In both cases, the trial courts had ruled that, even with the stipulated error factor, the readings were sufficient to give rise to the presumption that the defendant was driving while under the influence of an intoxicating liquor at the time of the alleged violation. The presumption was based upon a statute, in Hawaii, giving rise to such presumption when there was a reading of .10 percent or more by weight of alcohol in the defendant's blood at the time of the test.

The Hawaii Intermediate Court of Appeals rejected the trial court's finding, reversing the trial court's conviction in both cases. The court of appeals relied on the burden of proof that the prosecution has in a criminal case and reasoned further that the margin of error of the breathalyzer test meant that in any given test the defendant's actual blood alcohol content could be .0165 percent more or less than the reading shown by the breathalyzer test. The court held that the inherent margin of error could put both defendants' actual blood alcohol levels below the level necessary for the presumption to arise.

Counsel for the defendant in this case also cited the court to *State* v. *Bjornsen* (1978), 201 Neb. 709, 271 N.W. 2d 839, where the Nebraska Supreme Court reached the same decision on similar facts. In the *Bjornsen* case, the court reasoned that in order for the statutory presumption to arise, the results of such test, when taken together with its tolerance for error, must equal or exceed the statutory level.

The court, in the instant case, believes that the reasoning in the *Boehmer, Gogo* and *Bjornsen* cases, although it involves a breathalyzer test, is well-taken. Although the intoxilyzer test and breathalyzer test are different, they operate under similar principles and the end result in each is that evidence can be used to convict a defendant of operating a motor vehicle while under the influence of alcohol. Every margin of error in a chemical test utilized for the purpose of determining the alcoholic content of the defendant's

blood as it addresses his guilt or lack of guilt in operating a motor vehicle while under the influence of alcohol must be strictly construed against the state and liberally construed in favor of the defendant. In this case, the actual blood alcohol level of Prestier, when taking into account the margin or error as set forth in the intoxilyzer manual, could actually be below .10 percent alcohol in the blood by weight. Given this fact, the court is compelled to sustain the objection of the defendant relative to the instruction of the jury on the statutory presumption and the court further holds that when the intoxilyzer instrument is used to test the alcohol concentration of defendant's blood for purposes of prosecution in the New Philadelphia Municipal Court for the offense of operating a motor vehicle while under the influence of alcohol, and the test result reveals a blood alcohol concentration level of .10 to .109 percent, that the statutory presumption shall not be given. The court notes that a blood alcohol concentration reading or results from an intoxilyzer instrument of .11 percent would not affect the statutory presumption for the reason that the specifications set forth in the intoxilyzer manual indicate that the accuracy of the machine is "better than plus or minus 0.01% as measured against the samples in the same subject" and the court construes this to mean that the margin of error is less than plus or minus 0.01 percent.

*Judgment accordingly.*