Opinion
FOSTER, Acting P. J.
Cruz Taveras Campos was arrested on a charge of driving under the influence of alcohol[1] and submitted to a blood test to determine the alcohol content of his blood. The test reading indicated an alcohol content of .10 percent, but the test employed contained an inherent inaccuracy of plus or minus .005 percent, thus making it impossible to determine the alcohol content more precisely than that it was at some figure between .095 percent and .105 percent. On his appeal from the judgment of conviction, Campos contends that it was prejudicial error on the basis of this evidence to instruct the jury that he was presumed to have been under the influence of alcohol. We agree and reverse the judgment.
Former section 23126 of the Vehicle Code provided[2] in significant part:
“(a) Upon the trial of any criminal action . . . arising out of acts alleged to have been committed by any person while driving a vehicle while under the infuence of intoxicating liquor, the amount of alcohol in the person’s blood at the time of the test as shown by chemical analysis of his blood, breath or urine shall give rise to the following presumptions affecting the burden of proof:
*Supp. 4 “(3) If there was at that time 0.10 percent or more by weight of alcohol in the person’s blood, it shall be presumed that the person was under the influence of intoxicating liquor at the time of the alleged offense.”[3]
After Campos was arrested, he submitted to a test in which blood was withdrawn and analyzed by a “wet” chemical procedure known as a “SmithWidmark.” This test, according to a criminalist called by the People, has a margin of error of .005 percent, so that the actual alcohol content of defendant’s blood upon a test reading of 0.10 percent could have been as low as 0.095 percent.[4] Over the objection of counsel for defendant[5] the trial judge instructed the jury in the terms of CALJIC No. 16.834.[6]
The presumption of a person with a blood alcohol content of. 10 percent or greater being under the influence of intoxicants, created by Vehicle Code section 23126, is one affecting the burden of proof and requires the defendant to raise a reasonable doubt as to the existence of the presumed fact. {People v. Kitt (1978) 83 Cal.App.3d 834, 842-843 [148 Cal.Rptr. 447].) To be proper in a criminal prosecution, the underlying fact giving rise to the presumption must be proved beyond a reasonable doubt (Evid. Code, § 607), and due pro *Supp. 5 cess requires that there be a rational connection between the proven fact and that presumed. (People v. Lachman (1972) 23 Cal.App.3d 1094, 1097 [100 Cal.Rptr. 710]; Ulster County Court v. Allen (1979) 442 U.S. 140, 165 [60 L.Ed.2d 777, 797, 995 S.Ct. 2213].)
The fact giving rise to the presumption under Vehicle Code section 23126 that a person is under the influence of intoxicants, and which must be proven beyond a reasonable doubt, is that “the amount of alcohol in the person’s blood at the time of the test as shown by chemical analysis” was “at that time 0.10 percent or more by weight of alcohol in the person’s blood.” The precise issue before us is whether a reading of 0.10 percent upon a chemical analysis itself containing a margin of error of .005 percent is a sufficient evidentiary basis upon which to find beyond a reasonable doubt that the amount of alcohol in defendant’s blood was 0.10 percent or more. We believe that it is not.
As conceded by the People’s expert, the inherent inaccuracies of the test prevented a determination of defendant’s blood alcohol content more precisely than that it was at some level between .095 percent and .105 percent. Based upon the chemical analysis it was as likely that the amount of alcohol in defendant’s blood was below .10 percent as that it was .10 percent or more. As the only evidence upon which the jury could make a determination of the amount was insufficient to permit it to make a rational decision, it was error to instruct the jury in accordance with CALJIC No. 16.834, which charged the jurors with the responsibility of determining beyond a reasonable doubt the existence of a fact concerning which the evidence was insufficient to remove any doubt. We believe, therefore, it was error to instruct upon this statutory presumption when the reading upon chemical analysis did not exceed 0.10 percent by the test’s margin of error.
This issue is of first impression in California, but it has been addressed in the same or similar contexts in other states.
In State v. Rucker (1972 Del. Super. Ct.) 297 A.2d 400, a Delaware statute made it unlawful for a person to drive a motor vehicle “ ‘while such person’s blood has reached a blood alcohol concentration of Y10 of 1% or more, by weight, as shown by a chemical analysis of a blood, breath, or urine sample taken within 4 hours of the alleged offense, . . . .’ ”[7] Defendant had taken a breath test which showed a reading of. 104 percent, but the test procedure had a margin of error of plus or minus .009 percent. He argued that a factual basis for a presumption of intoxication had not been proven beyond a reasonable doubt. *Supp. 6 Rejecting the contention, the Delaware court observed that the statute did not purport to create a presumption. “It simply makes a blood alcohol concentration of 0.100%, or more as shown by specified types of tests, an element of the offense. If one has that concentration while driving, as determined by the test specified in the statute and if that test was administered within 4 hours after the alleged offense, 21 Del. C. § 4176 directs that such person ‘shall be guilty.’ ” (P. 402.) The court viewed the function of the trier of fact as limited to determining whether the test results showed the required percentage of alcohol in the blood, but “[t]he trier of fact is not free to disregard the mandate of the statute or to question the wisdom of the General Assembly in providing that test results constitute proof of that element of the crime.” (P. 402.) It assumed that the Delaware General Assembly, in making the test result determinative, had taken into consideration the possibility of variations between the test results and the actual blood alcohol content of the accused when it enacted the statute.
In State v. Bjornsen (1978) 201 Neb. 709 [271 N.W.2d 839], a majority of the Supreme Court of Nebraska reached a conclusion contrary to Rucker under a Nebraska statute worded similarly to the Delaware statute. It, too, made unlawful a person’s operation of a motor vehicle “when that person has ten-hundredths of one percent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath or urine.” Defendant’s chemical test resulted in a reading of. 10 percent blood alcohol content, but the state’s criminalist testified that the reading could have been off as much as .005 percent, so that defendant’s blood alcohol content could have been as low as .095 percent. The prosecutor argued that, under the statute, so long as the chemical test result showed . 10 percent or more any inaccuracies in the testing procedures were irrelevant. The court held: “While the Legislature has the acknowledged right to prescribe acceptable methods of testing for alcohol content in body fluids and perhaps even the right to prescribe that such evidence is admissible in a court of law, it is a judicial determination as to whether this evidence is sufficient to sustain a conviction. The Legislature has selected a particular percent of alcohol to be a criminal offense if present in a person operating a motor vehicle. It is not unreasonable to require that the test, designed to show that percent, do so outside of any error or tolerance inherent in the testing process.” (P. 840.)
A dissenting opinion urged that the Nebraska statute should be interpreted in the same manner as the Rucker court had interpreted the Delaware statute.
The difference between the Rucker and Bjomsen decisions is one of statutory interpretation. Rucker interpreted the Delaware statute as making the test reading conclusive of the issue of blood alcohol content. Bjomsen interpreted the Nebraska statute as requiring a blood alcohol content of .10 percent, with a chemical test being only evidence of such content.
*Supp. 7 In State v. Boehmer (1980) 1 Hawaii 44 [613 P.2d 916], the intermediate appellate court construed a Hawaii statute worded identically to California’s former Vehicle Code section 23126, so far as here pertinent. It provided: “(3) If there was ten-hundredths per cent or more by weight of alcohol in the defendant’s blood, it shall be presumed that the defendant was under the influence of intoxicating liquor at the time of the alleged violation.” The test reading of appellant Boehmer’s blood was 0.11 percent; of appellant Gogo’s blood 0.10 percent. According to the state’s criminalist, the testing procedure followed had a margin of error of plus or minus .0165 percent. Thus Boehmer’s actual blood alcohol content, as distinguished from the test reading, could have been as low as 0.0935 percent and Gogo’s 0.0835 percent. The trial judge in reaching his decision had relied expressly upon the statutory presumption. Reversing the judgments of conviction, the appellate court stated: “In a criminal matter, the prosecution bears the burden of establishing each and every element of an offense charged proven beyond a reasonable doubt. [Citation.] In both of the cases at bar, the State has failed to establish a critical fact. The State merely demonstrated that the reading of the breathalyzer machine was 0.10% for Defendant Boehmer and 0.11% for Defendant Gogo [sic]. The inherent margin of error could put both defendants’ actual blood alcohol level below the level necessary for the presumption to arise. The failure of the prosecution to establish beyond a reasonable doubt that the actual weight of alcohol in defendant’s blood was at least .10% required the trial judge to ignore the statutory presumption in its determination.” (613 P.2d at p. 918.)
We believe that the Nebraska Supreme Court’s interpretation of the Nebraska statute and the Hawaii intermediate appellate court’s interpretation of the Hawaii statute more nearly accord with the purpose of the California Legislature in enacting former Vehicle Code section 23126. Thus, in subdivision (a) of that section it is provided that “the amount of alcohol in the person’s blood at the time of the test as shown by chemical analysis” (italics added) shall give rise to the presumptions set forth in the ensuing subsections. Subsection (3) states that a presumption of being under the influence of intoxicating liquor arises “[i]f there was at that time 0.10% or more by weight of alcohol in the person’s blood.” It is clear that the Legislature was not content with a test reading, no matter how inaccurate the testing procedure employed, as being sufficient to give rise to the presumption, but it required that there in fact be an alcohol content of .10 percent or more. Unless, however, the test reading exceeds 0.10 percent by the margin of error recognized in the testing process, there is no way that the trier of fact can be assured beyond any reasonable doubt that defendant’s actual blood alcohol content was not below 0.10 percent.
Evidence concerning whether Campos was under the influence of alcohol was closely balanced. Although the arresting officer was of the opinion that defendant failed to pass some of the field sobriety tests, he conceded that defendant passed others. Defense witnesses contradicted the officer’s testimony con *Supp. 8 ceming his observations of defendant’s conduct. On the record, we cannot say that had the erroneous instruction not been given it is not reasonably probable that a result more favorable to the defendant would have been reached. {People v. Watson (1956) 46 Cal.2d 818, 837 [299 P.2d 243].)
The judgment is reversed.
Jones, J., and Rothman, J., concurred.

Former Vehicle Code section 23102, subdivision (a) now Vehicle Code section 23152, subdivision (a).

Section 23126 was renumbered section 23155 in 1981 (Stats. 1981, ch. 939, § 11, p. 3560; ch. 940, § 31, p. 3570; ch. 940, § 35, p. 3578.) and amended to reflect the substantive change resulting from enactment of section 23152. Section 23152, subdivision (b) now makes it unlawful “for any person who has 0.10% or more, by weight, of alcohol in his or her blood to drive a vehicle upon a highway . . . .” The 1981 enactment of section 23155 eliminates the presumption of intoxication formerly flowing from a blood alcohol content of 0.10 percent or more in view of section 23152 making possession of that blood alcohol content by a driver itself a criminal offense.

Subsection (1) provided that if at that time the person had less than 0.05 percent, “it shall be presumed that the person was not under the influence of intoxicating liquor at the time of the alleged offense.” Subsection (2) provides that if the alcohol content was more than 0.05 percent but less than 0.10 percent, no presumption arises, but evidence of such alcohol content may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor.

A criminalist called by defendant’s counsel testified that this test has a margin of error of .01 percent, so that the blood alcohol content of a person’s blood from a test reading of .10 percent could have been as low as .09 percent. On this appeal based upon the sufficiency of the evidence to support the challenged instruction, we view the evidence in the light most favorable to respondent.

The People contend that Campos acquiesced in any error in the giving of the instruction by his failure to object to it. We do not so read the record. Out of the presence of the jury, defendant’s counsel stated his “on the record” objection to the giving of the instruction “on the basis that the evidence here does not substantiate the giving of” it, because the testimony of the experts reflected a range of blood alcohol content of .095 percent to . 105 percent in the case of one of them and .09 percent to .11 percent by the other. The court indicated the sufficiency of the evidence was a jury question to decide beyond a reasonable doubt. Defendant’s counsel responded “Fine.” We do not read this remark as more than a polite accession to the court’s ruling. In any event, it is clear that conduct of defense counsel did not induce the commission of error so as to preclude raising the point on appeal. (Cf. People v. Perez (1979) 23 Cal.3d 545, 549-550 [153 Cal.Rptr. 40, 591 P.2d 63, 3 A.L.R. 4th 339].)

CALJIC No. 16.834 (1979 Rev.) reads as follows: “If the evidence establishes beyond a reasonable doubt that the amount, by weight, of alcohol in the defendant’s blood was one-tenth of one percent (0.10%) or more at the time of the test as shown by a chemical analysis of his blood, breath or urine, you should find that the defendant was under the influence of intoxicating liquor at the time of the alleged offense, unless from all the evidence you have a reasonable doubt that he was in fact under the influence of intoxicating liquor at the time of the alleged offense.” Approval of this instruction was withdrawn by the CALJIC committee because of the 1981 amendment of Vehicle Code section 23155.

Vehicle Code section 23152, as amended in 1981 (Stats. 1981, ch. 940, §§ 12, 33, pp. 3567, 3578), now contains a similar provision in subdivision (b), making it unlawful for a person to drive “who has 0.10 percent or more, by weight, of alcohol in his or her blood