[No. 12069-7-I.   Division One.   November 21, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT KELLER, *Appellant.*

*Davies, Roberts, Reid, Anderson & Wacker* and *James D. Oswald,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Ronald W. Doersch, Deputy,* for respondent.

RINGOLD, J.—Robert Keller was found guilty of driving while intoxicated, RCW 46.61.502(1),[1] following a bench trial in South District Court for Snohomish County. The conviction was affirmed on appeal to superior court and is before this court pursuant to a grant of discretionary review. The sole issue presented is whether the evidence is sufficient to support the conviction. We conclude that it is and affirm.

Keller was stopped for driving the wrong way on a one–way street and arrested for driving while intoxicated. He registered a reading of .10 percent on the Breathalyzer. At trial, a Breathalyzer technician testified that the machine had been tested a few days prior to Keller's arrest and had accurately measured five ampules containing a known alcohol solution of .10 percent. On cross examination, the technician stated that the Breathalyzer had an inherent tolerance limit or margin of error of .01 percent. Keller called an expert who also testified that the Breathalyzer

---

[1]RCW 46.61.502 provides, in pertinent part:

"A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state while:

"(1) He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath . . ."

had a margin of error of .01 percent. The trial judge found Keller guilty based on the Breathalyzer reading.[2] Keller appeals, challenging the sufficiency of the evidence to support the conviction.

Keller contends that in order to obtain a conviction under RCW 46.61.502(1), the State must prove beyond a reasonable doubt that the defendant had a blood alcohol *content* of .10 percent or greater; merely showing that the defendant had a Breathalyzer *reading* of .10 percent is not enough. Because the evidence established that the Breathalyzer has an inherent margin of error of .01 percent, he argues that his reading of .10 is insufficient to prove a violation of the statute because it establishes only that the blood alcohol level is between .09 and .11.

The significance of evidence as to the margin of error inherent in the Breathalyzer is an issue of first impression in Washington, but it has been addressed in similar contexts in four other states. Three adopted the position advanced by Keller, holding that the Breathalyzer reading must equal or exceed the statutory limit of .10 percent after taking into account the machine's margin of error. *State v. Bjornsen*, 201 Neb. 709, 271 N.W.2d 839 (1978); *State v. Boehmer*, 613 P.2d 916 (Hawaii Ct. App. 1980); *People v. Campos*, 138 Cal. App. 3d Supp. 1, 188 Cal. Rptr. 366 (1982). In *State v. Rucker*, 297 A.2d 400 (Del. Super. Ct. 1972), the court reached the contrary result. The difference in these cases is one of statutory interpretation. *Rucker* interpreted the Delaware statute as making the test reading conclusive of the issue of blood alcohol content, while the others interpreted their statutes as requiring a blood alcohol content of .10 percent, with a chemical test being only evidence of such content.

■ Driving with a blood alcohol content of .10 percent

---

[2]Although the State presented evidence as to Keller's impaired driving ability, the trial judge found there was insufficient evidence to convict under RCW 46.61-.502(2), which prohibits driving while "under the influence of or affected by intoxicating liquor".

or greater is one method of committing the crime of driving while intoxicated, as defined by RCW 46.61.502. *State v. Franco,* 96 Wn.2d 816, 823, 639 P.2d 1320 (1982). We agree with Keller that a Breathalyzer reading of .10 percent is not conclusive proof of guilt. The State still has the burden of proving beyond a reasonable doubt that the .10 reading is correct, and the defendant may attack the accuracy of the reading. In *Franco,* the court rejected the argument that the Breathalyzer result is the sole source of evidence and that extraneous facts and circumstances are not considered, stating:

> The breath sample must be analyzed, the machine must be proved to be in proper working order beyond a reasonable doubt by the State, the officer who gives the test must be certified and must be proved to be competent at trial. The ampules must be proved beyond a reasonable doubt at trial to have been properly tested and *the State always has the burden of proving beyond a reasonable doubt to the jury that the 0.10 percent reading was a correct one.* The defense has the same opportunity to attack that reading as they always have had under the prior presumptions. . . . [E]xpert testimony, while available to the defendant, is not the only method of impeaching the reading on the Breathalyzer. The State's expert testimony may be controverted by the defendant testifying about the number of drinks he consumed and the effects of the alcohol upon him, he may call lay witnesses to testify as to those same factors, he may argue that the machine must be in error because of the slight effect the alcohol had upon him. It is simply not the case that the giving of the breath sample proves the crime.

(Italics ours.) *Franco,* at 828–29. The foregoing suggests that the margin of error in the Breathalyzer should be considered by the trier of fact in deciding whether the evidence sustains a finding of guilt beyond a reasonable doubt. The weight to be given the Breathalyzer reading is left to the trier of fact, as is the weight to be accorded other evidence in the case.

The trial court considered all the evidence, including the Breathalyzer's margin of error, and made a factual deter-

mination that Keller's violation of the statute was established beyond a reasonable doubt. A Breathalyzer test administered within 1 hour after the defendant stops driving is circumstantial evidence of the blood alcohol level at the time of driving. *State v. Bence,* 29 Wn. App. 223, 227, 627 P.2d 1343 (1981). In light of the five perfect certification tests performed on the Breathalyzer, it was reasonable for the trier of fact to infer the accuracy of Keller's Breathalyzer result and to accord substantial weight to it. The court acknowledged that the defendant's manner of driving and the physical tests were not alone sufficient evidence of a violation. The totality of the evidence, however, including the Breathalyzer reading and Keller's admitted consumption of six beers and two tequilas, was sufficient evidence to establish beyond a reasonable doubt that his blood alcohol level was not below .10 percent.

Based on all of the evidence presented, a rational trier of fact could be convinced beyond a reasonable doubt that Keller's actual blood alcohol content was not below .10 percent. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

The judgment and sentence is affirmed.

DURHAM, A.C.J., and CORBETT, J., concur.