THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHANIE DAVIS, Defendant-Appellant.

Third District   No. 3—92—0576

Opinion filed March 10, 1993.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Stephanie Davis, was convicted of unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 1992)). She was sentenced to four years' imprisonment. Davis appeals and we affirm.

The record reveals that on November 19, 1991, police searched Davis' apartment pursuant to a search warrant. In the apartment, police found substances resembling cocaine. After being informed of her rights, Davis admitted to police that she had been selling cocaine for two to three months.

Forensic scientist Debra Minton weighed and tested the suspected cocaine in 25 of the 47 small plastic bags found in Davis' apartment. Following testing, Minton concluded that all 25 of the bags she tested contained cocaine. Minton also separately weighed the contents of each of the 25 bags. She concluded that the contents had a combined net weight of 5.14 grams. She further testified that the total weight would have been the same whether she weighed the contents of the 25 bags separately or all at once.

On appeal, Davis does not dispute that she was proved guilty of possession with the intent to deliver at least 1 but less than 15 grams of cocaine. Instead, Davis argues that the trial court erred in finding that she possessed an amount of cocaine over 5.0 grams. In the instant appeal, 5.0 grams is the cut-off point for the sentencing alternative of probation. See 730 ILCS 5/5—5—3(c)(2)(D) (West 1992).

In support of this argument, Davis contends that the weighing process was tainted because the contents of the 25 bags were weighed separately rather than all at once. Davis claims that any errors in the weighing process could therefore have been 25 times greater than if the contents of all the bags had been weighed at the same time.

On review, the relevant question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found that the elements of the crime had been proved

beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

In the instant case, the record is devoid of *any* evidence suggesting that the weight of the whole would have been less than the sum of its parts. In light of Minton's testimony that the total weight would have been the same whether she weighed the contents of the 25 bags separately or all at once, we find that a rational trier of fact could have concluded that the likelihood of overweighing by .14 grams was too remote to create a reasonable doubt. See *People v. Pickens* (1992), 226 Ill. App. 3d 1001, 590 N.E.2d 535.

For the reasons indicated, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and LYTTON, JJ., concur.