IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36744

| | | |
|---|---|---|
| IN THE MATTER OF THE DRIVER'S LICENSE SUSPENSION OF BRYAN LEE McDANIEL. | ) ) ) | |
| BRYAN LEE McDANIEL, | ) | 2010 Opinion No. 58A |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 27, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, DEPARTMENT OF TRANSPORTATION, | ) ) | AMENDED OPINION THE COURT'S PRIOR OPINION |
| | ) | DATED AUGUST 26, 2010 |
| Respondent. | ) | IS HEREBY AMENDED |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

District court order affirming administrative driver's license suspension, affirmed.

Richard L. Harris, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Timothy J. Stover, Special Deputy Attorney General, Boise, for respondent. Timothy J. Stover argued.

_____

GUTIERREZ, Judge

Bryan Lee McDaniel appeals from the district court's order affirming the administrative suspension of his driver's license. Specifically, he argues that the hearing officer erred in not taking into consideration the margin of error in the breathalyzer. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Officer Shearn was dispatched to the area of Logan Street and Farmway Road in Canyon County in response to a report of a dune buggy cutting off a driver on the roadway. Officer Shearn arrived at the area within a few minutes and located the dune buggy containing four occupants. Officer Shearn observed the dune buggy exit the driveway, but was unable to locate a

1

license plate on the vehicle. After following the vehicle for a short time, it turned off onto a dirt lane at which point Officer Shearn stopped the dune buggy. Officer Shearn approached McDaniel from the driver's side of the vehicle and observed that McDaniel's eyes were bloodshot and glassy, and could smell the odor of alcohol coming from McDaniel. McDaniel did not have his driver's license with him, but verbally identified himself and his driver's license number. McDaniel admitted to having consumed three beers. McDaniel also failed a field sobriety test. Officer Shearn arrested McDaniel and took him to the jail where a breath test was administered. The results of the Intoxilyzer 5000 breath test were 0.083/0.083 blood alcohol concentration (BAC). McDaniel was subsequently charged with driving under the influence pursuant to I.C. § 18-8004, and his driving privileges were suspended for ninety days pursuant to I.C. § 18-8002A. McDaniel requested an administrative hearing. The hearing officer sustained the suspension of McDaniel's driving privileges. McDaniel filed a petition for judicial review and his suspension was stayed pending the district court's review. The district court affirmed the hearing officer's decision. McDaniel now appeals.

## II.

## STANDARD OF REVIEW

The Idaho Administrative Procedures Act (I.D.A.P.A.) governs the review of department decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under I.D.A.P.A., this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial, competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

2

Review of a suspension of a driver's license under I.C. § 18-8002 presents a mixed question of law and fact. *In re Goerig*, 121 Idaho 26, 28, 822 P.2d 545, 547 (Ct. App. 1991). This Court will defer to findings of fact supported by substantial evidence but will freely review conclusions of law and their application to the findings of fact. *Id*.

## III.

## DISCUSSION

McDaniel asserts that the hearing officer's decision should be reversed because an inherent error exists in the Intoxilyzer 5000 and as a result there is doubt that his BAC actually exceeded the maximum concentration level of 0.08 as set forth in I.C. § 18-8004. More specifically, McDaniel asserts that there is an inherent 0.004 plus or minus error in the Intoxilyzer 5000, and that the benefit of the error factor should be in his favor. McDaniel presented expert testimony from a toxicologist at the administrative suspension hearing. The toxicologist stated that based on his experience, background, and knowledge of the Intoxilyzer 5000, there is a variable that is inherent in the machine and that it is possible that even though a reading is 0.083, it could be less than 0.08. ITD asserts that McDaniel's driver's license suspension should be upheld because the hearing officer was not required to consider the inherent margin of error in the Intoxilyzer 5000.

Idaho appellate courts have not previously addressed the question of whether the margin of error in the Intoxilyzer 5000 should be considered in administrative license suspension rulings. Therefore, we look to other jurisdictions for guidance. When statutory language is interpreted to require license suspension upon test results indicating a certain BAC, courts have ruled that a driver's license can still be revoked irrespective of the margin of error. Consequently, any inherent margin of error is disregarded. *See Wieseler v. Prins*, 805 P.2d 1044, 1047 (Ariz. Ct. App. 1990) (holding that the license revocation statute does not require consideration of margin of error before determining a person's blood alcohol level); *Nugent v. Iowa Dep't of Transp.*, 390 N.W.2d 125, 128 (Iowa 1986) (holding that consideration of margin of error is not required where the license suspension statute did not on its face require it); *Hrncir v. Comm'r of Public Safety*, 370 N.W.2d 444, 445 (Minn. Ct. App. 1985) (holding that consideration of margin of error is not required where statute says "concentration of .10 or more, not .10 plus or minus a margin of error").

3

On the contrary, when statutory language is interpreted to require license suspension upon actual levels of BAC, courts have ruled that any inherent margin of error in breath testing machines must be considered. *See State v. Boehmer*, 613 P.2d 916, 917-18 (Haw. Ct. App. 1980) (holding that any inherent margin of error must be considered where the statute specifies that the actual weight of alcohol in the defendant's blood must be above a specified level); *State v. Bjornsen*, 271 N.W.2d 839, 840 (Neb. 1978) (stating that the legislature has selected a particular percent of alcohol to be a criminal offense, so it is not unreasonable to require that the test do so outside of any error inherent in the testing process); *State v. Keller*, 672 P.2d 412, 414 (Wash. Ct. App. 1983) (holding that the margin of error in the breathalyzer should be considered by the trier of fact in deciding whether the defendant had a blood alcohol content of .10 percent or greater).[1]

The conclusion of these courts has primarily hinged on whether the license suspension statute is interpreted to require a driver's license to be suspended upon test results indicating a blood alcohol level in excess of the statutory limit, or alternatively, upon an actual level of alcohol in excess of the statutory limit. *Haynes v. State, Dep't of Public Safety*, 865 P.2d 753, 755 (Alaska 1993). Idaho Code § 18-8002A contains language paralleling the former. It provides that an individual's driver's license will be suspended if that individual submitted to an evidentiary test and "the *test results indicated* an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004 . . . ." I.C. § 18-8002A(4)(a) (emphasis added).[2] The plain meaning of the statutory language is that a driver's license will be suspended upon *test results* indicating a BAC of 0.08 or more, not 0.08 plus or minus any margin of error. *See Callies v. O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009) (holding that issues of statutory interpretation begin with an examination of the literal language of the statute; if the language is unambiguous, we need not engage in statutory construction and are free to apply the statute's plain meaning). Nowhere does I.C. § 18-8002A contain language that requires the hearing officer to take into account any inherent error within the breath test machine before a license can be suspended, it simply requires that the test results indicate a BAC in

---

[1]     We note that the same statutory analysis has been applied to criminal cases.

[2]     Idaho Code § 18-8004 provides that an individual is under the influence of alcohol when test results indicate a blood alcohol concentration of 0.08 or higher.

excess of the legal limit, which is 0.08.  *See* I.C. §§ 18-8002A(4)(a), 18-8004.  Therefore, any inherent margin of error in the test results is disregarded.  As a result, the hearing officer in this case was not required to consider the inherent margin of error in the Intoxilyzer 5000.  McDaniel's test results indicated that he had a BAC of 0.083, which was in excess of the legal limit.  Therefore, the hearing officer did not err in sustaining the suspension of McDaniel's driver's license.  Having resolved the central issue raised by McDaniel in favor of ITD, we need not address ITD's alternative arguments.

## IV.

## CONCLUSION

McDaniel failed to establish that the hearing officer was required to consider any inherent margin of error in the Intoxilyzer 5000 before suspending his driver's license.  Accordingly, the district court's order affirming the administrative suspension of McDaniel's license is affirmed.

Judge GRATTON and Judge MELANSON, CONCUR.