Marcia K. DENISON, Petitioner,

v.

ANCHORAGE, a Municipal Corporation, Respondent.

No. 5923.

Court of Appeals of Alaska.

July 9, 1981.

Daniel Westerburg, Birch, Horton, Bittner, Monroe, Pestinger & Anderson, Anchorage, for petitioner.

Elaine Vondrasek, Municipal Prosecutor, Theodore D. Berns, Municipal Atty., Anchorage, for respondent.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Petitioner, Marcia Denison, was originally charged in district court with the offenses of driving while intoxicated[1] and driving with a blood alcohol level of 0.10 percent or greater.[2] The municipality subsequently dismissed the charge of driving while intoxicated. Before trial, Denison gave notice of her intent to offer as evidence a video-tape made by police as a routine matter following her arrest, as well as a number of witnesses to testify concerning her sobriety and the amount of alcohol she had consumed prior to her arrest. It is undisputed that this evidence was offered by Denison as circumstantial proof that her breathalyzer result, which had indicated a blood alcohol level of 0.13 percent, was incorrect.

1. Anchorage Municipal Code § 9.28.020.

2. Anchorage Municipal Code § 9.28.030. This section, in pertinent part, provided:

It shall be unlawful for any person to operate, drive or be in actual physical control of an automobile ... in the municipality at such time as there is 0.10 percent or more by weight of alcohol in his blood....

The district court precluded Denison from presenting either the video-tape or her witnesses, holding that non-technical evidence of actual sobriety offered as proof of the inaccuracy of a breathalyzer result is inadmissible in a case involving a charge of driving with a blood alcohol level of 0.10 percent or greater unless technical evidence that the test was inaccurate is also presented. Denison was thereafter tried and convicted on a basis of her 0.13 percent breathalyzer result. She appealed to the superior court, which affirmed her conviction. She then filed this petition for hearing.

We have decided that acceptance of this petition for hearing is warranted because of the likelihood of recurrence of the issue raised and because of the significance to litigants other than petitioner of resolving this issue of first impression. *See* Alaska R.App.P. 304(c).

We believe the issue in this case to be controlled by the basic concept of relevance. Rule 401 of the Alaska Rules of Evidence defines relevance as follows:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Viewed in light of the standard expressed by Rule 401, it is manifest that the proof offered by Denison constituted relevant circumstantial evidence of the possibility that machine or operator error, or some other factor besides Denison's own consumption of alcohol, accounted for the breathalyzer result obtained following her arrest.

Two additional evidence rules are of significance. Rule 402 embodies a basic preference for admission of all relevant evidence unless such evidence is otherwise specifically made inadmissible by constitution, statute or rule. Here, the municipality has failed to cite any constitutional provision, statute, or rule specifically rendering inadmissible the type of evidence offered by Denison in her own behalf. The only rule of which we are aware which might justify exclusion in this case is Evidence Rule 403, which provides:

Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Presentation of the evidence offered by Denison in this case would not have caused undue delay or waste of time; this evidence was not cumulative, and we fail to see how a jury, properly instructed as to the purpose for which such evidence was offered, could have been prejudiced, confused or misled. Thus, Rule 403 does not provide a basis for exclusion of the proffered evidence.

In short, we believe that admissibility of evidence of actual sobriety offered to rebut the accuracy of a breathalyzer result stands on the same footing as any other type of relevant circumstantial evidence. We know of no general rule of law precluding admission of relevant, non-technical circumstantial evidence, for the purpose of impeaching proof based upon scientific, medical, or other technical evidence. Nor is there any basis for concluding that a special rule should be carved out for breathalyzer results.

The municipality argues that individuals who have consumed sufficient quantities of alcohol to obtain breathalyzer readings of 0.10 percent or greater do not necessarily show outward signs of intoxication. This argument, however, misses the point, since the test of relevance has never required that the evidence offered be conclusive of the point of sought to be established. All that is required for evidence to be relevant is that it render the proposition for which it is offered more probable than it would otherwise have been. "Any more stringent requirement is unworkable and unrealistic." Alaska R. Evid., Commentary, Rule 401 at 64.

The Oregon Supreme Court recently considered the identical issue posed by this case and concluded that evidence of apparent sobriety is admissible without the need for

# 1004

any scientific or technical foundation to establish the possibility if error in obtaining a breathalyzer result. In *State v. Clark*, 593 P.2d 123, 127 (Or.1979) (en banc), that court held:

> In our opinion, there is sufficient "foundation", as a matter of either common knowledge or of scientific and medical knowledge, to make "relevant" testimony of the absence of such observable symptoms [of intoxication] as circumstantial evidence not only upon the question whether the driver of a motor vehicle is "under the influence of intoxicating liquor" ..., but also upon the question whether ... "chemical analysis" of the breath of a driver showing a blood alcohol content of .10 percent or more was an accurate "chemical analysis", without requiring the defendant to "lay a foundation" by expert testimony....

We agree with the result reached in *Clark*[3] and conclude that this result is mandated by the Alaska Rules of Evidence. Here, Denison offered relevant circumstantial evidence tending to indicate a potential for error in the breathalyzer test which was administered to her; no legitimate reason has been advanced for exclusion of this evidence, which could well have been crucial in enabling Denison to establish a reasonable doubt as to the accuracy of her breathalyzer results. We therefore conclude that the district court's exclusion of this evidence constitutes reversible error.

The judgment of the superior court affirming the judgment of the district court is REVERSED, and this case is REMANDED with directions that petitioner's conviction be vacated.

3. The municipality contends that *Clark* is distinguishable from the present case because the statute in that case (ORS 487.540) defined the offense of driving while intoxicated to include both driving while actually under the influence of intoxicating liquor and driving with a blood alcohol content of 0.10 percent or more. The distinction asserted by the municipality is not significant. *Clark* involved an issue identical to that in the present case: whether non-technical evidence of sobriety is admissible as circumstantial evidence of potential inaccuracy of a breathalyzer result of 0.10 percent or greater. *Clark* did not involve a conviction under the subsection of the Oregon statute dealing with

driving while actually under the influence of intoxicating liquor, but rather dealt with a conviction under the subsection making driving with a blood alcohol level of 0.10 or greater unlawful. The language of *Clark* quoted in the text expressly indicates that its holding was directed to the identical circumstances present in this case. The mere fact that the Oregon Legislature used different nomenclature and a different format in structuring its statute prohibiting operation of a motor vehicle with a blood alcohol content of 0.10 percent or greater is of no significance to the substance of the ruling in *Clark*, or to the bearing of *Clark* upon the issue presented in this case.