Glenn J. KALMAKOFF, Appellant,

v.

MUNICIPALITY OF
ANCHORAGE, Appellee.

No. A–920.

Court of Appeals of Alaska.

Feb. 21, 1986.

Samuel J. Fortier and Dagmar C. Mikko, Fortier & Mikko, Anchorage, for appellant.

Scott Jay Sidell, Asst. Mun. Pros., James Ottinger, Mun. Pros., and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Glenn J. Kalmakoff was convicted, following a jury trial, of driving while intoxicated (DWI), in violation of AMC 09.28.020, and reckless driving, in violation of AMC 09.28.010. On appeal, Kalmakoff challenges the validity of the trial court's instruction concerning the statutory presumptions that apply to breath test results. He also questions the sufficiency of the evidence with respect to the charge of reckless driving.

After arresting Kalmakoff for DWI, Anchorage police officers subjected him to an intoximeter test and obtained a reading of .102. Uncontroverted testimony at Kalmakoff's trial established an inherent error factor of .01 for the intoximeter instrument, indicating that, if Kalmakoff's test was correctly performed, his true score could have been as low as .092 or as high as .112. Based on this testimony, Kalmakoff moved for a judgment of acquittal on the DWI charge and argued, alternatively, that it would be improper to instruct the jury on the statutory presumptions applicable to a breath test result of .10 or greater. Kalmakoff also argued alternatively that, if the jury was instructed on the presumption of intoxication, it should be required to find beyond a reasonable doubt that Kalmakoff's breath alcohol content was .10 or greater before relying on that presumption.

District Court Judge Glen C. Anderson denied Kalmakoff's motion for a judgment of acquittal but found that, in view of the marginal intoximeter reading, Kalmakoff's DWI charge could be presented to the jury only on the theory that Kalmakoff was

actually under the influence while driving. *See* AMC 09.28.020(B)(1). Judge Anderson declined to instruct the jury on the alternative statutory theory of DWI, under which Kalmakoff could have been convicted if the jury found that he had driven with a breath alcohol content of .10 or greater. *See* AMC 09.28.020(B)(2).

Judge Anderson instructed the jury on the presumptions applicable to breath test results in Jury Instruction No. 10, which read as follows:

> Under Alaska law, when a person is alleged to be operating a motor vehicle under the influence of intoxicating liquor, the amount of alcohol in the person's breath at the time alleged, as shown by chemical analysis of the person's breath, may give rise to the following inferences:
>
> (1) If there was 0.05 grams of alcohol per 210 liters of breath or less, it may be inferred that the person was not under the influence of intoxicating liquor.
>
> (2) If there was in excess of 0.05 grams but less than 0.10 grams of alcohol per 210 liters of breath, that fact, standing alone, gives rise to no inference.
>
> (3) If there was 0.10 grams of alcohol per 210 liters of breath or greater, it may be inferred that the person was under the influence of intoxicating liquor.
>
> If you find that a breath examination accurately established the defendant's breath alcohol content to be one-tenth of a gram (0.10) of alcohol per 210 liters of breath or greater, and if you find no other believable evidence of his condition, then you may rely solely on the test as a basis for finding that the defendant was under the influence of intoxicating liquor at the time charged.
>
> However, if you do find that there is other believable evidence showing that

the defendant may not have been under the influence of intoxicating liquor at the time charged then you must decide the issue based on a careful consideration of all the facts and circumstances in evidence bearing on the defendant's condition, no longer relying exclusively on the results of the breath test.

This instruction incorporated the substance of the statutory presumption set out in AMC 09.28.023.[1]

Kalmakoff contends on appeal that the jury should not have been instructed on the portion of the statutory presumption that applies to a breath alcohol content of .10 or above. He alternatively argues that Jury Instruction No. 10 should have required the jury to find beyond a reasonable doubt that his breath alcohol content was .10 or greater before it was permitted to rely on the statutory presumption.

Kalmakoff's conclusion that Jury Instruction No. 10 was improper seems to be based on three premises: first, that a breath alcohol content of .10 or greater is an essential element of DWI, second, that Jury Instruction No. 10 creates a mandatory presumption with respect to that element, and, third, that the instruction shifts the burden of proof to the accused.

We find all three of Kalmakoff's premises to be mistaken. In our view, Jury Instruction No. 10, when given a common sense reading, does not create a mandatory presumption. Rather, it establishes nothing more than a permissive inference. In this regard, the instruction substantially complies with the requirements of Evidence Rule 303(a)(1), which governs presumptions against the accused in criminal cases.[2]

Similarly, nothing in the plain language of Jury Instruction No. 10 can be said to shift the burden of proof or of persuasion

---

**1.** Anchorage Municipal Code 09.28.023, in turn, reflects the presumption created under state law in AS 28.35.033. The trial court's instruction departs from the statutory language in only one minor respect: the phrase, "as shown by chemical analysis of the person's breath," which appears in the first paragraph of Jury Instruction No. 10, is not contained in the text of either the Municipal Code or the Alaska Statutes. This phrase appears to have been inadvertently in-

cluded in the instruction from prior versions of the statutory provisions. While the discrepancy is not significant in the present case, we believe it would be best, in the interest of accuracy, if the extraneous language were omitted in future DWI instructions.

**2.** Alaska Rule of Evidence 303(a)(1) provides:
*Presumptions directed against an accused.* In all criminal cases when not otherwise pro-

to the accused. Finally, we note that, contrary to the position taken by Kalmakoff on appeal, a breath alcohol level of .10 or greater is simply not an element of DWI under the specific theory of the offense submitted to the jury. The jury was allowed to consider Kalmakoff's guilt only under AMC 09.28.020(B)(1), under which driving while under the actual influence of intoxicating liquor is prohibited, without regard to any specific level of breath or blood alcohol. The evidence of Kalmakoff's breath alcohol reading was obviously relevant on this issue; Jury Instruction No. 10 simply allowed the jury to evaluate the significance of that evidence. *See Byrne v. State,* 654 P.2d 795 (Alaska App.1982); *Denison v. Anchorage,* 630 P.2d 1001 (Alaska App.1981).

 Considering the limited theory on which Kalmakoff's case was submitted to the jury, we conclude that the trial court did not commit error in giving Instruction No. 10 to the jury.[3] *Doyle v. State,* 633 P.2d 306 (Alaska App.1981). We further conclude that the court did not err in declining to instruct that proof beyond a reasonable doubt was required as a predicate for consideration of the applicable presumptions.[4]

 Kalmakoff raises additional points with respect to his conviction for reckless driving. We need not address these issues. Kalmakoff's reckless driving conviction was based on precisely the same conduct as his DWI. In arguing the reckless driving charge to the jury, the prosecution characterized it as being, in effect, a lesser-included offense of the DWI charge. Moreover, the jury was told that Kalmakoff's intoxication could be considered as a basis for finding that Kalmakoff had driven recklessly. Under these limited circumstances, we believe that the offense of reckless driving must be deemed to have merged with the offense of DWI, and we hold that it was error to enter a separate judgment of conviction against Kalmakoff on the reckless driving charge. *See Tuckfield v. State,* 621 P.2d 1350 (Alaska 1981).

The conviction of DWI is AFFIRMED. The conviction of reckless driving is VACATED.

---

vided for by statute, by these rules or by judicial decision, a presumption directed against the accused imposes no burden of going forward with evidence to rebut or meet the presumption and does not shift to the accused the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. However, if the accused fails to offer evidence to rebut or meet the presumption, the court must instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact, but no mention of the word "presumption" shall be made to the jury. If the accused offers evidence to rebut or meet the presumption, the court may instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact, but no mention of the word "presumption" shall be made to the jury.
Jury Instruction No. 10 arguably deviates from the requirements of Rule 303(a)(1) in that it does not expressly inform the jury that it "may, *but is not required to,*" infer the presumed fact from the proved fact. However, the permissive nature of the inference established by Jury In-

struction No. 10 is unmistakably expressed in the final paragraphs of the instruction. Nevertheless, we believe that future versions of the instruction should be amended to comply literally with the requirements of A.R.E. 303(a)(1).

3. In so holding, we find that the municipality substantially complied with applicable foundational prerequisites for admission of the intoximeter results, *see* 7 AAC 30.020(b), and we reject Kalmakoff's claim to the contrary.

4. We recognize, as Judge Anderson apparently did below, that a different conclusion might be required if Kalmakoff's case had been submitted to the jury on the theory that he committed the offense by driving with a breath alcohol content of .10 or greater. *Compare State v. Boehmer,* 1 Haw.App. 44, 613 P.2d 916 (1980), *State v. Bjornsen,* 201 Neb. 709, 271 N.W.2d 839 (1978), and *State v. Clark,* 286 Or. 33, 593 P.2d 123 (1979), *with State v. Rucker,* 297 A.2d 400 (Del.1972), and *State v. Shuping,* 312 N.C. 421, 323 S.E.2d 350 (1984). *State v. Keller,* 36 Wash. App. 110, 672 P.2d 412 (1983). We need not resolve this issue, because it is not raised in the circumstances of this case.