**James J. McLAUGHLIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3126.**

Court of Appeals of Alaska.

Sept. 20, 1991.

684

Susan S. McLean, Gray, McLean, & Razo, Kodiak, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

James J. McLaughlin was tried for two counts of misconduct involving a controlled substance in the third degree. Superior Court Judge Brian C. Shortell granted a judgment of acquittal as to one count. The jury convicted McLaughlin on the other. McLaughlin appeals, challenging the validity of a search warrant that led to evidence against him. He also argues that the superior court erred in failing to dismiss his indictment, in allowing the two charges against him to be tried jointly, in admitting certain evidence, and in failing to declare a mistrial as to the second count after granting a judgment of acquittal as to the first. We affirm.

On the night of August 5, 1988, a confidential informant made a controlled buy of cocaine from McLaughlin's residence in Kodiak. Kodiak police officers, who had given the informant cash to buy drugs, watched him enter McLaughlin's home. They maintained surveillance for several minutes until the informant departed the premises, and they then accompanied him to the police station, where he turned over two slips containing approximately one-quarter ounce of cocaine. The informant indicated that McLaughlin had sold him the cocaine and that McLaughlin's girlfriend, Jeanne Erickson, had been present. The fingerprints of both McLaughlin and Erickson were later found on one of the slips of cocaine.

Later that night, two police officers appeared before the Kodiak magistrate with the confidential informant and applied for a warrant to search McLaughlin's residence. Both officers testified briefly about the informant's background and the circumstances surrounding the controlled buy. The informant then testified, describing the transaction itself. The magistrate issued a search warrant.

The next day, August 6, police executed the warrant and seized a quantity of cocaine, as well as assorted drug paraphernalia, cash, and other evidence. McLaughlin was charged in two single-count indictments with misconduct involving a controlled substance in the third degree. One indictment charged McLaughlin with the August 5 sale of cocaine to the undercover informant; the other charged him with possessing, with intent to deliver, the cocaine found in his home on August 6.

Prior to trial, McLaughlin moved to suppress the evidence resulting from the August 6 search. He argued that the August 5 warrant was based on misstatements and omissions concerning the confidential informant's background and that the reliability of the state's confidential informant was not adequately established at the warrant hearing. After conducting an evidentiary hearing, the superior court denied the suppression motion.

McLaughlin now challenges the court's ruling. McLaughlin first renews his claim that the police officers who testified at the warrant hearing intentionally omitted or misstated facts concerning the confidential informant's background and reliability.

A warrant based on inaccurate or incomplete information may be invalidated only when the misstatements or omissions that led to its issuance were either intentionally or recklessly made. *State v. Malkin*, 722 P.2d 943 (Alaska 1986). Here, the superior court concluded that any omissions or misstatements resulted at most from negligence. The court's findings are

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

factual determinations involving witness credibility; as such, they must be upheld unless clearly erroneous. Substantial evidence was adduced below to support the conclusion that the officers who testified before the issuing magistrate did not intentionally or recklessly omit or misstate any pertinent information. The court was not clearly erroneous in finding that no intentional or reckless omissions or misstatements occurred.

■ McLaughlin further contends that the police officers who testified before the issuing magistrate did not provide sufficient independent information to establish the veracity of the confidential informant. Specifically, McLaughlin argues that the officers' testimony does not withstand scrutiny under the *Aguilar–Spinelli* test. *See Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *See also State v. Jones*, 706 P.2d 317 (Alaska 1985).

McLaughlin misunderstands the scope of the *Aguilar–Spinelli* doctrine, which is meant to apply only when information provided by a confidential informant is communicated to the issuing magistrate in the form of hearsay. In the present case, the confidential informant actually appeared before the magistrate and presented sworn testimony. As with any other similarly situated witness, the informant's willingness to submit to an oath, and his personal presence and the availability for questioning by the magistrate provided adequate procedural safeguards to assure a sound basis for assessing veracity and reliability. No independent corroboration was required under the circumstances. *See Latham v. State*, 790 P.2d 717, 720 (Alaska App.1990); *Hodsdon v. State*, 698 P.2d 1224, 1226–27 (Alaska App.1985). We find no error in the denial of McLaughlin's suppression motion.

■ McLaughlin next alleges that the court erred in denying his motion to dismiss the second indictment against him. McLaughlin's two indictments for misconduct involving a controlled substance in the third degree were issued by the same grand jury. The grand jury first returned the indictment charging McLaughlin with the August 5 sale of cocaine to the undercover informant. The state presented no evidence concerning the August 6 search until after the grand jury had issued this charge. The state then presented evidence concerning the August 6 search of McLaughlin's home and the seizure of cocaine found therein, asking the grand jury to charge McLaughlin for possession of cocaine with intent to deliver. The state instructed the grand jury that, to decide whether McLaughlin acted with the requisite intent, it could consider the evidence it had heard in connection with the August 5 sale.

In moving to dismiss the second indictment, McLaughlin argued that the grand jury might have been confused by the instruction that it was free to consider evidence presented in connection with the first indictment for purposes of determining whether McLaughlin acted with intent to distribute. McLaughlin maintained that, as a result of the confusion, the second indictment might have been nothing more than a reindictment for the same conduct charged in the first indictment.

We find no merit to this argument. Although the two indictments against McLaughlin allege violations of the same statute, each, on its face, specifies a different act occurring on a different date. The first charge expressly alleges the sale of cocaine to an undercover informant on August 5; the second alleges possession with intent to sell on August 6. Having reviewed the record of grand jury proceedings, we find nothing to suggest that the grand jury's issuance of these two plainly separate charges was in any way the product of confusion.

■ McLaughlin argues that the superior court erred in allowing his two charges to be tried jointly. He complains initially that the court should have denied the state's motion to join the two charges. Given the similarity of the charges, however, joinder was appropriate under Alaska Criminal Rule 8(a)(1) and (3). McLaughlin asserts that he was nevertheless prejudiced by the lateness of the state's motion to join

the charges. He made the same claim before the superior court. In response, the superior court allowed a continuance to enable McLaughlin to prepare. Given the superior court's willingness to grant a continuance, its decision to allow joinder did not amount to an abuse of discretion.

McLaughlin alternatively contends that, even if properly joined, the two charges should have been severed once the state determined that it would not call its confidential informant to testify concerning Count I—the August 5 sale. This claim is predicated on the trial court's eventual decision to grant a judgment of acquittal as to the first count, charging the August 5 sale. At the outset of trial, the state, apparently unable or unwilling to present its confidential informant as a witness, elected to attempt to prove the August 5 sale without the informant's testimony. The state sought to establish its case through the testimony of the officers who maintained surveillance over the informant as he entered and exited McLaughlin's house, as well as through expert testimony establishing that McLaughlin's fingerprint was found on a slip of cocaine in possession of the informant after he left McLaughlin's house. Because the same slip of cocaine also bore the fingerprint of McLaughlin's girlfriend, Jeanne Erickson, however, the trial court decided to grant a judgment of acquittal on this charge.

McLaughlin claims that, as a result of the failure to sever, he suffered substantial prejudice because the jury was allowed to consider evidence relating to the dismissed charge involving the August 5 sale when it decided the charge of possession with intent to sell. McLaughlin asserts that, since the evidence relating to the August 5 sale was insufficient to support the first charge, it was necessarily irrelevant and inadmissible as to the second. According to McLaughlin, because the court should have known that the state would be unable to prove the first charge without its informant, it should have severed the second charge from the first when the state elected to proceed without its informant. Alternatively, McLaughlin contends that the trial court should have declared a mistrial when it ordered an acquittal on the first count, so that the second count could be retried without being tainted by evidence relating to the August 5 sale.

■ McLaughlin's argument mistakenly assumes that evidence relating to the first count became irrelevant and inadmissible as to the second count merely because it was insufficient to withstand a motion for judgment of acquittal. The fact that the state's evidence of the August 5 sale was insufficient to establish McLaughlin's guilt on Count I beyond a reasonable doubt does not altogether deprive that evidence of probative value. To be relevant, evidence need not be conclusive; it need only have some tendency to advance the proposition for which it is offered. *See* A.R.E. 401; *Byrne v. State*, 654 P.2d 795 (Alaska App. 1982); *Denison v. Anchorage*, 630 P.2d 1001 (Alaska App.1981).

Though insufficiently conclusive to allow Count I to stand, the evidence presented in connection with that count still tended to show McLaughlin's participation in a delivery of cocaine on August 5. In turn, McLaughlin's participation in the August 5 sale tended to make it more likely that he intended to sell the cocaine found in his possession the next day. Accordingly, evidence relating to the August 5 transaction was relevant to prove the August 6 charge, regardless of its technical sufficiency to support a finding of guilt beyond a reasonable doubt on Count I.

■ Because evidence relating to the August 5 transaction would have been admissible on the August 6 charge even if the August 5 sale had not been formally prosecuted, McLaughlin was not prejudiced by the trial court's failure to sever the two charges. Nor was it incumbent on the trial court to order a mistrial as to the second charge after granting a judgment of acquittal as to the first.

■ McLaughlin lastly advances various evidentiary claims, most relating to the state's failure to present its undercover informant in connection with the August 5 transaction. McLaughlin contends that the trial court erred in admitting the slips of

cocaine involved in the August 5 sale and the fingerprint evidence relating to those slips. He asserts that, since the informant did not testify, there was insufficient foundation for this evidence. However, the state's witnesses established a chain of custody as to the challenged evidence that was sufficient to meet the requirements of A.R.E. 901(a). We find no support for McLaughlin's conclusory assertion that the evidence should not have been admitted without the testimony of the confidential informant.

McLaughlin argues that the evidence relating to the August 5 sale was more prejudicial than probative and should therefore have been excluded under A.R.E. 403. He premises this argument, however, entirely on the assertion that the challenged evidence was entirely irrelevant because it was insufficient to withstand his motion for a judgment of acquittal as to the first charge. We have already rejected this argument in connection with McLaughlin's severance and mistrial claim.

McLaughlin also contends that the testimony of police officers concerning the August 5 controlled buy amounted to hearsay because the confidential informant's actions, as described by the officers, were "nonverbal conduct." *See* A.R.E. 801(a)(2). However, since there is no realistic indication that the informant's conduct was "intended by him as an assertion," *id.*, we find no merit to this claim.

McLaughlin finally claims that he was deprived of his right to confrontation by the state's failure to make its informant available for questioning as to the August 5 cocaine sale. McLaughlin advances his confrontation claim in a single, conclusory paragraph that is wholly unsupported by authority. We decline to consider the issue.

The judgment is AFFIRMED.

MANNHEIMER, J., not participating.