**Mark W. PILANT, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8708.

Court of Appeals of Alaska.

June 24, 2005.

Brooke Browning, Assistant Public Defender, Kenai, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Marilyn J. Kamm, Assistant Attorney General, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Mark W. Pilant was arrested for driving while under the influence. Following his arrest, Pilant submitted to a breath test; this

---

test showed that his blood alcohol level was .078 percent. At Pilant's trial, the jurors were instructed that if they concluded that the breath test was properly administered, then they were allowed to infer that Pilant's blood alcohol level was at least equal to this test result—.078 percent—at the time he was driving:

> [If you find that the breath test was administered] in substantial compliance with the methods approved by the Department of Public Safety, ... you may, but are not required to, infer that the test results are valid. You may also, but are not required to, infer that [the] chemical test ... result[ed] in a reading equal to or less than [the defendant's] actual blood-alcohol level at the time of driving.

■ In this appeal, Pilant argues that this instruction was flawed because it did not explicitly tell the jurors that Pilant's blood alcohol level at the time he was driving could have been higher than, equal to, or lower than his breath test result. But this was obvious. The challenged jury instruction addresses a different (albeit related) issue: As a matter of law, were the jurors allowed to infer that Pilant's blood alcohol level had not increased since the time he was stopped, and that therefore his blood alcohol level at the time he was driving was at least as high as his later test result?

The answer to this question is "yes". In *Doyle v. State*, 633 P.2d 306, 310–11 (Alaska App.1981), we held that, under AS 28.35.033(a), the result of a properly administered breath test gives rise to a "presumption"—that is, a permissive and rebuttable inference—that the defendant had an equivalent blood alcohol level at the time of the offense (that is, at the time the defendant was driving). The jury instruction in Pilant's case simply authorizes the jury to draw this inference.

■ Pilant points out that, at his trial, the State presented no expert testimony on the issue of whether, or how fast, a person's blood alcohol level might be expected to fall after they take their last drink, or how one might use the breath test result to extrapolate backward in time to derive a person's blood alcohol level at the time of the offense (*i.e.*, at the time of their driving).

But as we explained in *Doyle*, "one of the obvious reasons [why the legislature created the breath test presumption] is to avoid the necessity of calling expert witnesses in each case" to "establish by extrapolation the blood alcohol content of the defendant at the time of the alleged offense". *Id.* at 311.

We further note that, in *Kalmakoff v. Anchorage*, 715 P.2d 261 (Alaska App.1986), we upheld a jury instruction similar to the one that Pilant challenges in this appeal. The jury in *Kalmakoff* was instructed:

> If you find that a breath examination accurately established the defendant's [blood] alcohol content to be [.10 percent] or greater, and if you find no other believable evidence of his condition, then you may rely solely on the test as a basis for finding that the defendant was under the influence of intoxicating liquor at the time charged.
>
> However, if you do find that there is other believable evidence showing that the defendant may not have been under the influence of intoxicating liquor at the time charged then you must decide the issue based on a careful consideration of all the facts and circumstances in evidence bearing on the defendant's condition, no longer relying exclusively on the results of the breath test.

*Kalmakoff*, 715 P.2d at 262.

The defendant in *Kalmakoff* argued that this wording created a mandatory presumption that he was guilty if his breath test result equaled or exceeded the legal limit, and that the instruction thus shifted the burden of persuasion or proof away from the government and to the defendant. We rejected these arguments:

> In our view, [the challenged jury instruction], when given a common sense reading, does not create a mandatory presumption. Rather, it establishes nothing more than a permissive inference. In this regard, the instruction substantially complies with the requirements of Evidence Rule 303(a)(1), which governs presumptions against the accused in criminal cases.

Similarly, nothing in the plain language of [the instruction] can be said to shift the burden of proof or of persuasion to the accused.

*Id.* at 262–63.

For these reasons, we conclude that the jury instruction in Pilant's case was proper. The judgement of the district court is AFFIRMED.